UNITED STATES BANKRUPTCY COURT *NOT FOR PUBLICATION*
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
*In re:*
 :
 : Chapter  7
G.L.A.D. Enterprises, LLC, : Case No. 22-35425
 :
 *Debtor*
---------------------------------------------------------- x

## MEMORANDUM DECISION DENYING STAY PENDING APPEAL

**A P P E A R A N C E S:**

*For the Debtor, G.L.A.D. Enterprises, LLC*
Beck & Beck, LLC
83 Booth Street
Stratford, CT 06614
By: Kenneth A. Beck, Esq.

*For Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-1 sued as Deutsche Bank, and PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC sued as Ocwen Loan Services*
Hinshaw & Culbertson LLP
800 Third Avenue, 13th Floor
New York, New York 10022
By: Schuyler B. Kraus, Esq.

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

 Pending before the Court is the motion of the debtor, *G.L.A.D. Enterprises, LLC.* ("Debtor") seeking entry of an order granting a stay pending appeal of this Court's April 7, 2023, order denying the debtor's motion for reconsideration.  For the reasons set forth below, the motion is denied.

### Jurisdiction

The Court has subject matter jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a), (b)(1), and (b)(2)(A) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.

### Background

On July 5, 2022, the Debtor filed a voluntary Chapter 7 petition for relief. (Vol. Pet., ECF[1] No. 1). On November 30, 2022, the secured creditor, Deutsche Bank National Trust Company, ("Secured Creditor" or "Deutsche Bank") filed a request for relief from the automatic stay as to the Debtor's real property located at 963 Fencerow Drive, Fairfield, CT 06824 (the "Property"). (Mot., ECF No. 8). The Secured Creditor argued that cause existed to lift the stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) as the Debtor failed to adequately protect the Secured Creditor's interest in the Property by making post-petition payments and that its lien exceeded the value of the Property. (*Id.*). Deutsche Bank attached evidence documenting the lack of payments and equity. (*Id.* Exs. B, C, D).

The Debtor filed an opposition to the motion for stay relief on February 21, 2023, in which it argued that issues concerning the underlying mortgage's validity and possession of the note should be adjudicated by this Court before granting relief. (Affirmation in Opp'n, ECF No. 12). The Debtor did not dispute the cause alleged by the Secured Creditor in its motion.

The Court heard the matter on February 28, 2023. At this hearing, the Secured Creditor reiterated that there was no equity in the Property and no payments received. Deutsche Bank argued that the stay should be lifted to allow its proceeding in Connecticut state court to proceed. Kenneth Beck appeared for the Debtor and stated that the adversary complaint had already been

---

[1] Unless otherwise noted, all references to "ECF" are references to this Court's electronic docket in case number 23-35425-cgm.

filed, "late last week," meaning sometime on or before Friday, February 24, 2023.  The Court granted the Secured Creditor's motion to lift the stay to allow the matter to be decided by the Connecticut state court.  An order memorializing the Court's decision was entered on March 1, 2023.  (Order, ECF No. 14).

The Debtor filed a number of documents labeled "complaint."  On February 23, 2023, Debtor filed a "amended complaint" in this bankruptcy case.  (the "February 23 Complaint") (Compl., ECF No. 13).  The February 23 Complaint was captioned with the case number of Debtor's Connecticut prior bankruptcy case, which closed in June 2020.  (*Id.*); (Docket Entry No. 51, *In re G.L.A.D. Enter.s, LLC*, Case No. 19-50604-JAM (Bankr. D. Conn.)).

The Debtor then filed a complaint (the "Adversary Complaint") against Deutsche Bank with this Court on March 8, 2023.  (Compl., *G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Trust Co.*, Adv Pro. No. 23-09002-cgm (Bankr. S.D.N.Y. Mar. 8, 2023), ECF No. 1).  The Adversary Complaint included in the caption "FEBRUARY 23, 2023" despite having been docketed on March 8, 2023.  (*Id.*).  The Debtor also filed this Adversary Complaint in the main case on March 8, 2023.  (Compl., ECF No. 16).

The Debtor then moved pursuant to Federal Rules of Civil Procedure 59 and 60 and Bankruptcy Rules 9023 and 9024 to reargue and reconsider the Court's order granting the Secured Creditor's motion for relief from stay.  (Mot., ECF No. 15).  Debtor asked the Court to "at minimum vacate the Order of March 1, 2023 and hear the Adversary Complaint before considering the Motion." (*Id.*).  Debtor argued that the Court's ruling was made potentially without "kn[owing] about the Adversary Complaint and relief sought therein."  (*Id.* ¶ 3). Secured Creditor argued in opposition that, on February 23, 2023, Debtor docketed in this case a copy of a complaint from a previous 2019 Connecticut Bankruptcy Court adversary proceeding,

and that no adversary proceeding was commenced here at that time. (Response ¶ 9, ECF No. 24).

The Court denied the Debtor's motion to reargue and reconsider its prior ruling, finding that the Debtor failed to meet its burden under either Rule 59 or Rule 60. The Court was aware of the Debtor's filings of the multiple "complaints" in this Court and in the Connecticut Bankruptcy Court.

On April 18, 2023, the Secured Creditor filed a notice of appeal of this Court's denial of its motion to reargue and reconsider. (Notice, ECF No. 29). On May 5, 2023, Debtor filed a Motion for Stay Pending Appeal pursuant to Rule 8007 of the Federal Rule of Bankruptcy Procedure ("Rule 8007"), which is currently before the Court. (Mot., ECF No. 32). The Secured Creditor opposes the motion to stay pending appeal. (Opp'n, ECF No. 37).

## Discussion

Rule 8007(a) of the Federal Rules of Bankruptcy Procedure state that a party must ordinarily first move in the bankruptcy court when seeking "a stay of a judgment, order, or decree of the bankruptcy court pending appeal." (Fed. R. Bankr. P. 8007(a)(1)(A).

A movant seeking a discretionary stay pending appeal under Rule 8007 of the Federal Rules of Bankruptcy Procedure must demonstrate (1) that he would suffer irreparable injury absent a stay; (2) that other parties would suffer no substantial injury if the stay were granted; (3) that the public interest favors a stay; and (4) that there is a substantial possibility of success on the merits of movant's appeal. *See In re Sabine Oil & Gas Corporation*, 548 B.R. 674, 680-81 (Bankr. S.D.N.Y. 2016); *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (citing *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir.1992)); *In re Access Cardiosystems, Inc.*, 340 B.R. 656, 659 (Bankr. D. Mass. 2006); *In re Porter*, 54 B.R. 81, 82

(Bankr. N.D. Okla. 1985) ("This standard has been adopted by the federal courts in determining whether to grant a stay pending an appeal in bankruptcy matters.") (citation omitted).

"The movant's burden is a heavy one." *See In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009). The moving party, "must show 'satisfactory' evidence on all four criteria" and "failure to satisfy one prong of this standard for granting a stay will doom the motion." *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997).

**Irreparable Harm Absent a Stay**

A showing of probable irreparable harm is the "principal prerequisite" for the issuance of a stay pursuant to Rule 8007. *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016). That harm "must be neither remote nor speculative, but actual and imminent." *ACC Bondholder Grp. v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (cleaned up). A "hypothetical and remote" harm is insufficient to constitute irreparable harm to stay a court's order pending appeal. *See In re Sabine Oil*, 548 B.R. at 682.

The possible irreparable harm to the Debtor, should the stay be denied, are stated by the Debtor as follows: "This trial [in Connecticut state court] could lead to the loss of the Debtor's Real Property in Connecticut, while the Adversary Complaint is proceeding in the Bankruptcy Court in the SDNY. This would very likely lead to inconsistent results and irreparable harm to the Debtor/Appellant herein." (Mot. ¶ 3, ECF No. 32).

The Debtor's argument, that it may force the reimposition or extension of the stay on property merely by filing an adversary proceeding concerning that property in the same court, ignores the fact that this Court already considered that the Debtor filed that complaint when the

Court lifted the stay. More relevantly, potential monetary harms, like the sale of the Debtor's property, are fully remediable. *See In re 473 W. End Realty Corp.*, 507 B.R. 496, 502 (Bankr. S.D.N.Y. 2014) ("An injury that may be fully remedied by monetary damages does not constitute irreparable harm."). The Court finds that the Debtors fail to show irreparable harm.

**Potential Harm to Other Parties**

As the movant, the Debtors must establish that other parties will not suffer substantial harm if the stay is granted pending appeal. *See In re 473 W. End Realty*, 507 B.R. at 507–08. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." *See id.* (citing *ACC Bondholder Grp. V. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 347 (S.D.N.Y.2007)).

Deutsche Bank and others may suffer harm from a stay pending appeal, for the same reason that the Court granted relief from stay in the first place. Debtor has failed to make payments for over fourteen years and has delayed enforcement of the Secured Creditor's rights for nearly as long through multiple bankruptcy filings. Granting the Debtor's relief would further delay Deutsche Bank's efforts to pursue foreclosure (Opp'n ¶ 21, ECF No. 37). The Court finds that the Debtors have failed to show no substantial harm to other parties.

**Substantial Possibility of Success on Appeal**

"The 'substantial possibility of success' test is considered an intermediate level between 'possible' and 'probably' and is 'intended to eliminate frivolous appeals.'" *In re Sabine Oil*, 548 B.R. at 683-84 (quoting *In re 473 W. End Realty*, 507 B.R. at 501). The District Court's review of this Court's Denial Orders will be limited to whether this Court abused its discretion in denying the Plaintiff's Motions for Reconsideration. *See O'Connor v. Pan Am Corp.*, 5 F.App'x 48, 51 (2d Cir.2001) ("The standard of review of a denial of a motion for reconsideration is

abuse of discretion.") (citing *Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999)).

The Debtors have not demonstrated any possibility of success on appeal. Debtor continues to allege that this Court overlooked the same facts concerning the filing of the complaint and a snowstorm, which it has pointed to in its prior motions under Rule 59 and Rule 60. Debtor has failed to demonstrate a substantial possibility of success on appeal.

**Public Interests That May Be Affected**

"The final factor considers the interest of third-parties who act in reliance of the bankruptcy court's ruling." *In re 473 W. End Realty*, 507 B.R. at 508 (internal quotation marks omitted). Debtor's arguments do not address any interests of the general public that may be at stake. Since the public has a strong interest in the expeditious administration of the bankruptcy proceedings and preventing the abuse of the court system by those who are unable or unwilling to pay their debts in a timely fashion, the public interest factor weighs heavily in favor of denying a stay pending appeal. *See In re 473 W. End Realty,* 507 B.R. at 508 (citing *In re Taub*, 2010 WL 3911360, at *6 (Bankr. E.D.N.Y. 2010) ("where, as here, those standards [for a stay] are not met, a stay pending appeal would injure the interests of sound case management in the bankruptcy process, and as a consequence, would also injure the public interest.")*; In re Hutter*, 221 B.R. 648, 651 (Bankr. D.Conn. 1998).

**Conclusion**

The motion for stay pending appeal is denied. The Secured Creditor shall submit an order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: June 6, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**